Three of the defts. were the road commissioners of Brandywine hundred, and the others their agents. On an application to the Court of General Sessions, an order had been regularly made to lay out a road through the plff's premises, according to a certain return of freeholders. The defts. acting under this order went upon plff's. land and laid out a road essentially different, as he contends, from that authorized by the order; and that the deviation was wilful and designed, and much to his prejudice.
The plff. called Joseph Taylor, a surveyor who had laid down his pretensions. He proved the plots and they were offered in evidence. Objected to.
Hamilton. — The rule to lay down pretensions under which these plots were made, was laid between other parties than those in the case now trying. They are therefore, not pretensions authorized by any warrant in this cause and are not evidence. *Page 146 
 Bayard. — These plots would be evidence without any rule. We could have made a survey ex parte of the lines pointed out by the record of the Court of General Sessions authorizing a road, and prove by the surveyor that the road cut by these defts. is not laid down according to that order. We might prove this by any other witness, and much more so by a surveyor who has run and plotted the ground. The objection here arises from an accidental mistake of the clerk in making out the rule to lay down pretensions; some of the defts. were omitted. The truth is, the rule was obtained in this cause and between these parties.
Rogers, in reply. The doctrine is new that a party in an action of trespass, can lay down his pretensions without warrant. This is a cause between Huey and nine defts. The plff. offers pretensions laid down in a cause between Huey and five defts. The sheriff could not give notice to other persons than those named in the rule. All the defts. are entitled to notice, and are not bound without notice.
The Court. — This is a case of trespass for damages in cutting a road through plff's. land. The defence is a justification by an order of court authorizing the road to be laid out. The defts. must show that the road is laid out according to the order, to make out their justification. As a mere execution of a warrant to lay down pretensions this plot is not evidence. But the witness may be asked if he has run the land; if the road as opened corresponds with the order; in what respects it varies; and he may use this plot to refresh his memory.
 Verdict for the plaintiff $525 00.